IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GONZALEZ-DROZ, et al

    Plaintiff

         v.                                  **Civil No. 06-2263(SEC)**

GONZALEZ COLON, et al

    Defendants

**OPINION and ORDER**

Pending before this Court is Co-defendants' Milton D. Carrero Quiñonez, Luis M. Rodríguez Mora, Miguel A. Echeverría Rodríguez, and Luis R. González Colon's (collectively "Co-Defendants") motion to dismiss, and Plaintiffs' opposition thereto. Dockets ## 38 and 88. Upon reviewing the filings, and the applicable law, Co-Defendants' motion is **DENIED**.

**Factual Background**

On December 18, 2006, Plaintiffs filed suit against defendants under 42 U.S.C.A. sec. 1983 and 28 U.S.C.A. sec. 1331, alleging due process and equal protection violations under the Fifth and Fourteenth Amendments. They also alleged unlawful restriction of trade, pursuant to the applicable federal antitrust provisions. See Docket # 1. On even date, summons were issued as to Co-Defendants, and Defendants Carlos R. Diaz-Vélez, Emilio Jiménez-Ortiz, Jose A. Nieves Torres, Eugenio E. Roura Ortiz, Juan J. Santana-Rodriguez, and Jose Jiménez Rivera. Docket # 2.

On July 11, 2007, Co-Defendants filed a Motion to Dismiss, arguing that Plaintiffs had served them after the time limit established by FED. R. CIV. P. 4(m) had elapsed. They further aver that Plaintiffs failed to move the court for an extension of time, and have not shown good cause for their failure to timely serve the summons. See Docket # 38. Plaintiffs opposed, arguing that Co-Defendants' motion to dismiss is untimely, insofar it was filed after Fed. R. Civ.

P. 12's 20-day period to answer or otherwise plead. See Docket # 88. They also posit that Co-Defendants were "particularly hard to find." Notwithstanding the above, at this time, all Defendants have been properly served.

**Standard of Review**

*FED. R. CIV. P. 12 (b)(5)*

FED. R. CIV. P. 12 (b)(5) provides for dismissal due to insufficiency of service. Service of process is insufficient if it does not comply with the procedural requirements set forth in Rule 4. A party filing a motion under Rule 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006) . Specifically, said rule addresses the delivery or the lack of delivery of the summons and the complaint. Id. The party raising the insufficiency of service bears the burden of specifically establishing how plaintiff failed to satisfy the requirements of service. Id. However, this district has held that the dismissal of a claim "under Fed. R. Civ. P. 12(b)(5) is inappropriate when there is [are] 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Id. Furthermore, if the first service is ineffective, and the defects are curable, the Court should treat a motion to dismiss as a motion to quash service of process in the alternative, and retain the case pending effective service. Id. As a result, a great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process. Id. District courts possess broad discretion to dismiss the action, or retain the case, and quash the service made on the defendant. Id.

**Applicable Law and Analysis**

Defendants assert that dismissal is warranted due to insufficiency of service, specifically, Plaintiffs' failure to serve the summons within the 120 day time frame set by Rule 4(m). Plaintiffs first argue that pursuant to Rules 12(a)(1)(A) and 12(h)(1), once Defendants were served, they had 20 days to answer the complaint, or otherwise plead *via* the filing of a motion to dismiss. They contend that insofar as Defendants did not file their motion to dismiss within

said 20-day period, the insufficiency of service of process claim is deemed waived. In the alternative, Plaintiffs argue that Defendants were "particularly hard to find."

*Rule 12*

Per Rule 12(h)(1), the defenses at Rule 12(b), including that of insufficiency of service of process, are waived if not included in a preliminary motion as required by Rule 12(g); or, if no such motion is made, if they are not included in the responsive pleading, or in an amendment allowed by Rule 15(a)(1). Plaintiff's argument on this front has been used sparingly by courts. See Granger v. Kemm, Inc., 250 F. Supp 644, 645-646 (E.D. PA. 1966). Moreover, recent decisions in various circuits have strongly criticized this approach as an overly strict interpretation of Rules 12(a) and 12(h)(1), and thus liberally interpret the time frame within which to plead a 12(b) defense. See Kampf v. Heinecke, 1995 U.S. Dist. Lexis 5592 (E.D. Pa. Apr. 28, 1995), LeBreland v. ATC VANCOM, Inc. 212 F.R.D. 475, 476 (E.D. Pa. 2002), Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1473 (9th Cir. 1988) Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1340 (9th Cir.1976); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1391, (3rd ed. 2004). Specifically, in Bechtel, the Ninth Circuit held that "...such an overly rigid interpretation of the pertinent provisions of Rule 12 cannot be justified." Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1341 (9th Cir. Ariz. 1976). The Court also stated that Rule 12(b) only requires that such motions "be made before pleading if a further pleading is permitted," and that the rule "does not limit the period to 20 days." Id. at 1341. In light of the foregoing, this Court finds that Rule 12(h)(1) does not mandate a waiver of a defense that is not asserted within the time frame provided by 12(a). Therefore this Court finds that Defendants' motion to dismiss was timely, and will rule upon it accordingly.

*Service of Summons*

Rule 4(m) provides a 120-day time limit to serve a defendant after the issuance of summons. If the defendant is not served within said time limit, the court "must dismiss the action without prejudice . . .or order that service be made within a specified time." However,

**CIVIL NO. 06-2263 (SEC)**                                                                                                   Page 4

if "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Courts have "discretion to grant a plaintiff additional time to complete service of process even if he cannot satisfy the 'good cause' standard." Colby v. Town of Henniker, 2001 DNH 38 (D.N.H. 2001). In fact, courts have developed a "two pronged inquiry" for determining whether to dismiss a claim on these grounds. McCurdy v. American Bd. Of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). First, the court must determine whether good cause exists for the untimeliness of service, and if that is the case, the extension must be granted. However, if good cause is not shown, the court may still grant the extension by exercising its discretion. Id.; See also MCI Telecomm, Corp. v. Teleconcepts, Inc, 71 F.3d 1086, 1098 (3rd Cir. 1995); De Tie v. Orange County, 152 F. 3d 1109, 1111 n.5 (9th Cir. 1998); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3rd Cir. 1995). The burden of demonstrating good cause rests upon plaintiffs. United States v. Ayer, 857 F.2d 881, 885 (1st Cir. 1988). As Ayer suggests, "such a showing is, by its very nature, fact-specific." Id.

In the instant case, the summons were issued on December 18, 2006. Pursuant to Rule 4(m), Plaintiffs had until April 17, 2007 to serve Defendants. However, they failed to do so by that date. Instead, Miguel A. Echevarría was served on May 7th, 2007, while Milton Carrero, Luis Rodríguez, and Luis González were served on May 9th 2007, both over two weeks after the deadline set by Rule 4(m). Considering the applicable case law, Plaintiffs' allegations that Defendants were "particularly hard to find" are insufficient to meet the "good cause" standard. These allegations would have to be accompanied with a fact-specific narration of Plaintiffs' effort to serve the Defendants before the deadline, and why those attempts failed. Thus, Plaintiffs failed to show good cause for the delay in service.

However, this does not necessarily dispose of Co-Defendants' claims of insufficient service, since other factors could warrant an extension of time to serve the summons. Among these, courts have considered whether the statute of limitations has run, and would bar any refiling of the action. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3rd Cir. 1995).

Although "the running or the statute of limitations does not require the district court to extend time for service of process," it is an important element to consider. Id. In the present case, the statute of limitations bars the refiling of Plaintiffs' claims, which shifts the balance in Plaintiffs' favor.

Moreover, courts have exercised their discretion, and granted extensions under Rule 4(m), after considering: "whether the defendant had actual notice of the claims asserted in the complaint ...whether the defendant evaded service ... whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision," and "...whether service was required to be made on multiple defendants," Gonsalves v. Derderian, 2007 U.S. Dist. Lexis 7479, 13-16 (D.R.I. 2007). Since the other six defendants were served expediently, this Court finds it reasonable to infer that Co-Defendants were aware of the claims asserted against them. Additionally, there is no reason to believe that Co-Defendants were prejudiced by a three-week delay in service. Prejudice has been defined in the context of service as 'involv[ing] impairment of defendants ability to defend on the merits, rather than foregoing...a procedural or technical advantage" Id. at 20 (quoting Thompson v. Sears, Roebuck & Co, 2006 U.S. Dist. Lexis 9419 (E.D.Pa 2006).) Since Co-Defendants have not shown that the delay has affected their ability to defend themselves on the merits, dismissal on this ground is unwarranted.

Therefore, although Plaintiffs failed to show good cause for their failure to serve within the time-period permitted by Rule 4(m), considering the procedural background of this case, the short delay in serving the summons, and the fact that, at this time, all defendants have been properly served, this Court exercises its discretion, and deems all parties as properly served.[1]

---

[1] As previously mentioned, the dismissal of a claim under Fed. R. Civ. P. 12(b)(5) is inappropriate when there are "'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant," and district courts possess broad discretion to dismiss the action, or retain the case, and assure that the defendant is properly served. Ramirez de Arellano, 236 F.R.D. at 85. Therefore, even if this Court concluded that service was insufficient, dismissal was not necessarily warranted.

**CIVIL NO. 06-2263 (SEC)**                                    **Page 6**

**Conclusion**

In light of the above, Defendants' motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of August, 2009.

                                          *S/ Salvador E. Casellas*
                                          SALVADOR E. CASELLAS
                                          United States District Judge

**CIVIL NO. 06-2263 (SEC)**                                    **Page 6**